NO. 07-05-0430-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 20, 2006


______________________________



LORENZO K. LA SALLE,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 47th DISTRICT COURT OF POTTER COUNTY;



NO. 35,213-A; HON. HAL MINER, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Lorenzo K. La Salle appeals his conviction from the 47th District Court. The clerk's
record was due to be filed on December 27, 2005. On January 4, 2006, this Court notified
the clerk by letter to complete and return the form advising the Court of the status of the
clerk's record no later than January 17, 2006. No status form or response has been
received by this Court.

 Accordingly, we abate this appeal and remand the cause to the 47th District Court
of Potter County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. why the clerk's record has not been filed; 


 when the clerk's record can reasonably be filed in a manner that does
not have the practical effect of depriving the appellant of his right to
appeal or delaying the resolution of this appeal, and

 whether appellant desires to prosecute the appeal.


 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
February 20, 2006. Should further time be needed by the trial court to perform these tasks,
then same must be requested before February 20, 2006.

 It is so ordered.

 Per Curiam

Do not publish.



y contentions
here that were not within the bounds of our prior discussion of the sufficiency of the trial
evidence. Because of the nature of the evidence sustaining appellant's conviction,
appellant has not borne his burden to show by a preponderance of the evidence that he
would not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.

 Accordingly, the trial court's denial of appellant's amended motions for DNA testing
of evidence must be, and are hereby, affirmed in each case.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005).